**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JOSE GONZALEZ NICOALU** | **DOCKET NO. 1:26-cv-03623** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **E. GARCIA, ET AL** | **MAGISTRATE JUDGE GALE** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jose Gonzalez Nicoalu on September 16, 2026. Doc. 1. Nicoalu is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently detained at the Winn Correctional Center in Winnfield, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

Nicoalu is a native and citizen of Cuba. Through the instant petition, he seeks immediate release from detention or bond hearing. Doc. 1, p. 7. On August 21, 2026, an immigration judge ordered Petitioner removed.[1] According to the EOIR Automated Case Information website, while the instant petition was pending, Petitioner's Order of Removal became final on October 22, 2026.[2]

---

[1] https://acis.eoir.justice.gov/en/caseInformation
[2] *Id.*

## LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### *B. Analysis*

At the time he filed the instant petition, Nicoalu was in pre-removal order detention. On August 21, 2026, an Immigration Judge ordered him removed and that order became final on October 22, 2026.[3] Since then, he has been in post-removal order detention. *See* 8 U.S.C. § 1231.

---

[3] An order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *See* 8 U.S.C. § 1101(47)(B). 8 C.F.R. § 1003.38 requires that a Notice of Appeal shall be received by the Board of Immigration Appeals within 30 calendar days of the Immigration Judge's ruling. *See Smith v. Conner*, 250 F.3d 277 (5th Cir. 2001).

Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

Because Nicoalu's removal order became final on October 22, 2026, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, the instant habeas petition should be dismissed as premature. *See Okpoju v. Ridge,* 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066, 125 S. Ct. 2528, 161 L. Ed. 2d 1120 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder,* 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

## II. CONCLUSION

For the reasons stated above, Nicoalu's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS, DONE AND SIGNED in chambers this 23rd day of October, 2026.

**KENNETH G. GALE**
**UNITED STATES MAGISTRATE JUDGE**